**REVISED**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40987
Summary Calendar
_____


FRANKLIN D. MURPHY,

                              Petitioner-Appellant,

                 VERSUS

             GARY L. JOHNSON,
     Director, Texas Department of Criminal Justice,
              Institutional Division,

                              Respondent-Appellee.


_____

Appeal from the United States District Court
    for the Eastern District of Texas
_____

March 27, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


     Franklin Murphy, proceeding *pro se* and *in forma pauperis*, appeals the dismissal, for failure to exhaust state remedies, of his petition for writ of habeas corpus.  Concluding that he has failed to make a substantial showing of the denial of a constitutional right, we deny him a certificate of appealability ("COA").


I.

In 1994, Murphy was convicted of auto theft and sentenced to life imprisonment on the basis of two prior convictions. In the district court, Murphy raised several challenges to this conviction: (1) He witnessed the district attorney kidnap, rape, and murder a young woman; (2) the trial court in Marion County had no jurisdiction to try him, as the car was stolen in Smith County; (3) a gag order was not signed by the district attorney; (4) the trial judge was biased against him, as evidenced by the denial of all of his motions; (5) he had a tape recording that would have proved the kidnaping and rape; (6) the car's owner hired two other men to steal the car as part of an insurance fraud scheme; and (7) an assistant district attorney lied at trial by saying he had prosecuted Murphy in 1980.

Murphy stated in his original habeas petition that he had raised the second and third claims before the Texas Court of Criminal Appeals. The district court noted that, even if this were true, Murphy had not exhausted his other claims in state court. Accordingly, the court dismissed Murphy's habeas petition, without prejudice, for failure to exhaust state remedies, as required by 28 U.S.C. § 2254(b)-(c).

In September 1996, Murphy filed a timely notice of appeal. The district court denied him a certificate of probable cause ("CPC") to appeal.

II.

A.

2

We construe Murphy's notice of appeal as a request for a COA. *See* FED. R. APP. P. 22(b). Thus, we must decide what standards apply to a COA request when the district court denied habeas relief on a procedural ground, rather than on the merits. This is a matter of first impression.

Prior to the enactment of § 102 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, 1217-18 (1996) (to be codified at 28 U.S.C. § 2253), a habeas petitioner had to receive a CPC to appeal. *See* 28 U.S.C.A. § 2253 (West 1994). To obtain a CPC, he had to make "a substantial showing of the denial of a federal right." *Sawyer v. Collins*, 986 F.2d 1493, 1497 (5th Cir. 1993). Doing this required the petitioner to show "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encourage-ment to proceed further." *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)) (internal quotation marks omitted).

Applying this standard, we held that a habeas petitioner who "has failed to exhaust all of the postconviction claims he now seeks to raise . . . has asserted no cognizable right to federal habeas relief under § 2254." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (on remand from Supreme Court), *cert. denied*, 116 S. Ct. 715 (1996). Thus, a petitioner who failed to exhaust all his claims in state court was not entitled to a CPC. *See id.*

B.

The standard for obtaining a COA is the same as for a CPC. *See Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), *cert. denied*, 1997 WL 10415 (U.S. Mar. 3, 1997) (No. 96-7359).[1] Thus, in deciding whether to issue a COA to Murphy, we will follow *Sterling* and engage in a two-step process. First, we will decide whether Murphy has made a credible showing of exhaustion. If he has, we will determine whether his underlying claim is debatable among reasonable jurists.[2] Only if the answer to the second question is in the affirmative will we find that Murphy has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and issue a COA.

## III.

We need proceed no further than the first step. When a habeas petition includes both exhausted claims and unexhausted claims, the district court must dismiss the entire "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). As described above, Murphy has failed to exhaust most of his claims for relief. He has not alleged any "absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or that "circumstances exist that render such process ineffective to protect [his] rights," 28 U.S.C.

---

[1] This is not to say that a COA is identical to a CPC. For example, a COA, unlike a CPC, must "indicate which specific issue or issues satisfy the showing required . . . ." 28 U.S.C. § 2253(c)(3); *cf. Else v. Johnson*, No. 96-40404, 1997 WL 73845, at *1 (5th Cir. Feb. 20, 1997) (per curiam) (on reconsideration) (stating that, where only one issue was presented to the district court, it is not necessary for a COA to specify that issue).

[2] *Cf. Sawyer*, 986 F.2d at 1499-502 (denying a CPC where the petitioner's underlying claim was unquestionably without merit, even though the district court erroneously had denied him relief on the ground of procedural default).

4

§ 2254(b)(1)(B)(ii).  Therefore, he has failed to satisfy the exhaustion requirement and, accordingly, is not entitled to a COA.

The application for a COA is DENIED.