United States Court of Appeals,

Fifth Circuit.

No. 97-50022

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

John Charles DELARIO, Defendant-Appellant.

Aug. 29, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

John Charles DeLario, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 petition and requests that we grant a certificate of appealability ("COA") authorizing the appeal under 28 U.S.C. § 2253. Because we find that DeLario has failed to make a substantial showing of the denial of a constitutional right, we deny his request and dismiss the appeal.

I

A jury convicted DeLario of distribution of Lysergic Acid Diethylamide ("LSD") and possession of LSD with intent to distribute (counts one and two), in violation of 21 U.S.C. § 841(a)(1), and conspiracy to distribute and possess with intent to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count three). The district court sentenced DeLario to thirty years' imprisonment on count one, and ten years each on counts two and three, to be served concurrently with count one. We affirmed DeLario's conviction on direct appeal. *United States v. Delario,* 912 F.2d 766 (5th Cir.1990).

During the pendency of his direct appeal, DeLario filed a request to meet with a Parole Board representative concerning his eligibility for parole. The Parole Board denied his request on the ground that he was ineligible for parole under 21 U.S.C. § 841, as amended by the Anti-Drug Abuse Act of 1986 ("ADAA"), Pub.L. No. 99-570, § 1002, 100 Stat. 3207, 3207-2 to -4 (1986). DeLario

avers that, prior to this denial, he was unaware of the fact that he was ineligible for parole consideration; he asserts that the district court was likewise unaware of the applicability of the amendments to section 841 at the time of sentencing. DeLario, however, did not seek leave to file a supplemental brief in his pending direct appeal. Instead, he waited approximately nine months until after affirmance of his sentence on direct appeal, at which time he filed a pro se motion under Fed.R.Crim.P. 35 seeking a reduction in his sentence, which the district court denied.

DeLario then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that the district court sentenced him to thirty-years under the mistaken belief that DeLario would be eligible for parole after serving one-third of his sentence. In addition, he alleged that he was denied effective assistance of counsel because his attorney failed to recognize that his offense was nonparolable and failed to alert the district court to the import of the amendments to the ADAA. The district court denied DeLario's motion to vacate, and then denied his subsequent request for COA. Subsequently, DeLario filed a request for a COA in this court.

## II

### A

On April 24, 1996, the President signed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which amended 28 U.S.C. § 2253 to provide that an appeal may not be taken to the court of appeals from a final order in a motion under section 2255 without the issuance of a COA. The court may issue a COA only if DeLario makes a "substantial showing of the denial of a constitutional right." DeLario filed his section 2255 petition on May 10, 1996; therefore, the requirements of the AEDPA apply to his petition. *See Lindh v. Murphy,* --- U.S. ----, ----, 117 S.Ct. 2059, 2060, --- L.Ed.2d ---- (1997) (holding that AEDPA amendments to chapter 153 of Title 28, which includes § 2253, apply only to cases filed after effective date of Act).

### B

The acts underlying DeLario's conviction occurred in June 1987. At that time, 18 U.S.C. § 4205(a) provided that any prisoner serving a definite term of imprisonment of more than one year

would be eligible for parole after serving one-third of his sentence. Congress repealed section 4205 in the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, § 235(a)(5), 98 Stat. 1837, 2027 (1984), and authorized the Sentencing Guidelines. *See* 18 U.S.C. § 3551 *et seq.* The original effective date of the repeal was November 1, 1986, prior to DeLario's commission of the drug offense. However, Congress later delayed the effective date until November 1, 1987. Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, § 4, 99 Stat. 1728 (1985). Therefore, section 4205 was still effective in June 1987 at the time of DeLario's offense, and the district court properly sentenced DeLario under that section, rather than under the Sentencing Guidelines. *See United States v. Watson,* 868 F.2d 157, 158 (5th Cir.1989) (holding that Sentencing Guidelines do not apply to offenses committed before November 1, 1987).

Section 4205(a) by its terms provided for parole eligibility after serving one-third of the sentence imposed "except to the extent otherwise provided by law." In addition, section 4205(h) stated that "[n]othing in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for such release under any other provision of law."

DeLario was convicted of drug offenses under 21 U.S.C. § 841. Several months prior to DeLario's commission of the offense, Congress passed the ADAA which significantly amended section 841. Section 841(b)(1)(A), which sets forth the punishment for violations involving ten or more grams of LSD, now provides that "[n]o person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein." Unlike the repeal of section 4205, which was tolled until November 1, 1987, the amendments to section 841 eliminating parole eligibility became effective immediately when President Reagan signed the ADAA into law on October 27, 1986. *United States v. Robles-Pantoja,* 887 F.2d 1250, 1258 (5th Cir.1989). Therefore, section 841(b) created a specific exception to parole eligibility under 18 U.S.C. § 4205(a), and DeLario's sentence is properly nonparolable.

DeLario, however, asserts that the district court was unaware that the amendments to section 841(a) applied to him, and therefore sentenced him to a longer term of imprisonment than he would have had he understood the import of the amendments. As evidence for his assertion, DeLario cites

a letter sent by the district judge to DeLario's mother explaining DeLario's conviction and sentence, in which he wrote "Mr. DeLario could become eligible for parole after he has served ten (10) years." In addition, DeLario cites his presentence report which calculated an estimated term under United States Parole Commission Guidelines, thus implying that the probation officer preparing the report also mistakenly believed that DeLario would be eligible for parole.

DeLario's claim is not cognizable under section 2255. A sentencing court may vacate or modify a sentence under section 2255 only if the sentencing court lacked jurisdiction to impose the sentence, or the sentence violates the laws or Constitution of the United States. 28 U.S.C. § 2255.

DeLario does not suggest that the district court lacked jurisdiction to impose the thirty-year sentence under section 841. Moreover, DeLario's nonparolable sentence is mandated by section 841(b)(1)(A) and is within the permissible statutory range. DeLario simply asserts that frustration of the judge's expectation that DeLario would be paroled makes his otherwise constitutional sentence unconstitutional and therefore subject to collateral attack. However, alleged frustration of the sentencing judge's subjective expectation on this score does not confer section 2255 jurisdiction on the court to modify the sentence.

In *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), the Supreme Court considered a similar argument. In *Addonizio,* the sentencing court imposed a sentence with the expectation that the defendant would be eligible for parole after serving one-third of his sentence. After sentencing, however, the Parole Commission changed its policies and denied Addonizio parole based on the seriousness of his offense. The sentencing judge granted Addonizio's section 2255 petition and reduced the sentence, citing the frustration of his own expectations with respect to the length of Addonizio's sentence. The Supreme Court, however, reversed, noting that "[a] judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term." *Id.* at 190, 99 S.Ct. at 2243. The Court further found that

> [a]ccording to all the objective criteria—federal jurisdiction, the Constitution, and federal law—the sentence was and is a lawful one. And in our judgment, there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge.

*Id.* at 187, 99 S.Ct. at 2241.

DeLario, like Addonizio, requests relief based on the alleged frustration of the sentencing judge's expectation that DeLario would be paroled after serving one-third of his sentence. Even if DeLario were able to show that the judge suffered from a misapprehension of the law,[1] such a claim would not provide a ground for collateral attack under section 2255. *See Atehortua v. Kindt,* 951 F.2d 126, 130 (7th Cir.1991) (noting in dictum that claim that sentencing judge misapprehended the applicability of amendments to section 841 did not provide basis for section 2255 relief); *cf. Kills Crow v. United States,* 555 F.2d 183, 187-88 (8th Cir.1977) (concluding that sentencing judge's mistaken belief concerning Parole Board's future application of parole guidelines is insufficient for section 2255 jurisdiction).[2]

DeLario has failed to allege a claim cognizable under section 2255 and thus has not made a substantial showing of the violation of a constitutional right. We therefore DENY DeLario's request for COA, DISMISS his appeal, and DENY his motion to proceed *in forma pauperis.*

---

[1] In rejecting DeLario's section 2255 petition, the same judge who sentenced him averred that he was, in fact, fully cognizant that DeLario would be ineligible for parole under section 841.

[2] The district court held that DeLario's claim was procedurally barred because he failed to raise the issue on direct appeal. DeLario, however, attempts to show cause for failure to raise the issue based on ineffective assistance of counsel. Because we find that DeLario's claim is not cognizable under section 2255, we do not reach the question of whether DeLario has made a substantial showing of constitutionally ineffective assistance of counsel.