IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11265
USDC No. 4:97-CV-885-A
_____

RICHARD HARVEY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEP'T OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Northern District of Texas

---------------------

April 15, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

BY THE COURT:

Richard Harvey, Texas prisoner #702831, seeks a certificate of appealability (COA) to appeal from the dismissal of his habeas corpus petition as time-barred pursuant to 28 U.S.C. § 2244(d). When the district court's denial of the motion was based upon a procedural, non-constitutional reason, such as a limitations period, this court employs a two-step process. *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). First, this court must decide if Harvey has made a credible showing that his claim is not procedurally barred. Second, this court must determine if

Harvey's underlying claim that he was denied a constitutional right is debatable among reasonable jurists.  *Id.*

It is unclear from the record whether success on Harvey's claims would entitle him to immediate or accelerated release or rather would merely enhance his eligibility for release.  If the former, then Harvey's action was governed by 28 U.S.C. § 2254.  If the latter, then Harvey's action was governed by 42 U.S.C. § 1983.  *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).  The characterization of Harvey's action is a determination that the district court should make in the first instance.  Serio v. Members of Louisiana State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987).  Therefore, IT IS ORDERED that Harvey's motion for a COA is GRANTED.  The district court's order dismissing Harvey's action as time-barred is VACATED and the case is REMANDED for proceedings consistent with this order.