IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40129
USDC No. 1:97-CV-565

_____

SETH A. McDONALD,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
---------------------
June 1, 1998

Before WIENER, BARKSDALE and EMILIO M. GARZA, Circuit Judges.

BY THE COURT:

Seth A. McDonald, Texas prisoner #755788, seeks a certificate of appealability (COA) to appeal from the dismissal of his habeas corpus petition as time-barred pursuant to 28 U.S.C. § 2244(d). When the district court's denial of the motion was based upon a procedural, non-constitutional reason, such as a limitations period, this court employs a two-step process. Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). First, this court must decide if McDonald has made a credible showing that his claim is not procedurally barred. Second, this court must

determine if McDonald's underlying claim that he was denied a constitutional right is debatable among reasonable jurists. Id.

The district court adopted the magistrate judge's finding that McDonald filed his state application for habeas corpus on February 6, 1997. The date that McDonald filed his application is not in the record. In addition, neither the magistrate judge nor the district court considered McDonald's allegation that he filed a petition for reconsideration with the Texas Court of Criminal Appeals. Without the state court papers, we cannot determine whether the district court correctly and completely computed the applicable tolled period. McDonald also presents a facially substantial question whether he has been denied a direct appeal in the state courts as a result of his counsel's ineffectiveness or some state procedural error.

In addition, considering McDonald's allegation that he was denied a direct appeal because of his counsel's ineffectiveness or a state court's procedural error, the district court might also consider whether the doctrine of equitable tolling may be and should be applied to the one-year limitations period. Although we have not addressed the issue, the Ninth Circuit has held that the deadlines for filing habeas petitions imposed by the AEDPA are not jurisdictional and that they are subject to principles of equitable tolling for extraordinary circumstances beyond a prisoner's control. Calderon v. United States District

Court, 128 F.3d 1283, 1287-89 (9th Cir. 1997), cert. denied, 118 S. Ct. 899, 1389 (1998).

Therefore, IT IS ORDERED that McDonald's motion for a COA is GRANTED. The district court's order dismissing McDonald's action as time-barred is VACATED and the case is REMANDED for proceedings consistent with this order.

McDonald also moves this court for the appointment of counsel. To the extent that McDonald seeks appointed counsel for this appeal, the motion is DENIED AS UNNECESSARY. To the extent that he seeks the appointment of counsel for further proceedings in the district court, the motion is inappropriately before this court. See Rule 8(c) of the Rules Governing § 2254 Cases.

COA GRANTED. VACATED AND REMANDED.