**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-10240
_____

LARRY KEITH ROBISON,

                              Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                              Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Fort
Worth

September 21, 1998

ON PETITION FOR REHEARING

Opinion August 13, 1998, 5th Cir. 1998, ___F.3d ___)

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

BY THE COURT:

On rehearing, Robison argues that this Court mischaracterized mitigating evidence and thus misapplied the *Penry* doctrine. *See Penry v. Lynaugh*, 492 U.S. 302, 322, 109 S. Ct. 2934, 2948, 109 L. Ed. 2d. 256 (1989) (holding death sentence unconstitutional because special issues did not allow sufficient consideration of mitigating evidence of mental retardation). Robison alleges that the evidence that he was mentally ill when he committed the murder is distinct from the evidence that his mental illness was in remission at the time of trial, and that the special issues precluded the jury from considering the former evidence as a mitigating factor. This

argument is more nuanced than the argument in Robison's initial appellant brief, which did not make this distinction.

We consider this argument, but reject it nonetheless. In *Johnson v. Texas*, 509 U.S. 350, 369, 113 S. Ct. 2658, 2669, 125 L. Ed. 2d 290 (1993), the Supreme Court found that evidence of youth could be given effect in the assessment of future dangerousness in the second special issue. Johnson argued that the forward-looking inquiry into future dangerousness did not allow the jury to consider how his youth bore upon his personal culpability for the murder. The Court rejected this argument, stating that "this forward-looking inquiry is not independent of an assessment of personal culpability. It is both logical and fair for the jury to make its determination of a defendant's future dangerousness by asking the extent to which youth influenced the defendant's conduct." *Id.* at 369-70, 113 S. Ct. at 2670 (citing *Skipper v. South Carolina*, 476 U.S. 1, 5, 106 S. Ct. 1669, 1671, 90 L. Ed. 2d 1 (1986)("Consideration of a defendant's past conduct as indicative of his probable future behavior is an inevitable and not undesirable element of criminal sentencing.")).

If the *Robison* jury believed that mental illness influenced Robison to commit the murder, then it could have found that treatment of the illness would render him less dangerous in the future. The trial court instructed the jury to consider all of the evidence submitted at trial in determining each of the special issues. Whether the jury thought that Robison was less morally culpable due to his mental illness could have been taken into account in the second special issue.

Because the jury could have considered his mental illness at the time of the crime in answering the second special issue, it cannot be said that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d).

IT IS ORDERED that the petition for rehearing filed in the above case is DENIED.