IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10420
Summary Calendar
_____

CURTIS SHABAZZ,
Also known as Curtis Rollins,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2450-P
- - - - - - - - - - -
November 13, 1998
Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    This appeal is SEVERED from <u>Shabazz v. Johnson</u>, appeal No.
98-40446.  Curtis Shabazz, Texas prisoner No. 522178, seeks a
certificate of appealability (COA) to appeal the district court's
dismissal of his 28 U.S.C. § 2254 petition as time-barred under
28 U.S.C. § 2244(d)(1).  COA is GRANTED and the case is VACATED
AND REMANDED to the district court for further proceedings
consistent with this opinion.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Shabazz argues that principles of equitable tolling dictate that his petition is not time-barred because he has been held in administrative segregation since 1991; that he has no access to television, radio, newspapers, or magazines other than the prison newspaper, The Echo; that he is denied physical access to a law library and can obtain legal materials only by providing their exact citation; that the Texas Department of Criminal Justice (TDCJ) did not timely promulgate the Antiterrorism and Effective Death Penalty Act (AEDPA) to administrative segregation inmates; and that Shabazz did not learn of the § 2244(d)(1) limitations period[**] until he read an article published in the July 1997 issue of The Echo.

In appeals where the district court has denied habeas relief based on a procedural, nonconstitutional ground, we apply a two step COA process. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). First, the prisoner must make a credible showing that the district court erred in denying habeas relief on the nonconstitutional ground. See id. Second, we must consider whether he has made a substantial showing of the denial of a constitutional right with respect to his underlying conviction. See id.

This court has determined that the one-year statute of limitations in § 2244(d)(1) is subject to equitable tolling in appropriate extraordinary circumstances. See Davis v. Johnson,

---

[**] Absent equitable tolling, the last possible date on which Shabazz could have timely sought federal habeas relief was April 23, 1997. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998) (§ 2255 case).

No. 98-20507, 1998 WL 733731, at *6 (5th Cir. Oct. 21, 1998);

accord Miller v. New Jersey State Dep't of Corrections, 145 F.3d

616, 617-18 (3d Cir. 1998); Miller v. Marr, 141 F.3d 976, 978

(10th Cir.), cert. denied, 1998 WL 407280 (U.S. Oct. 5, 1998)

(No. 98-5195); Calderon v. United States Dist. Court, 128 F.3d

1283, 1287-88 (9th Cir. 1997), cert. denied, 118 S. Ct. 899

(1998).

The district court erred by failing to address the factual

and legal arguments Shabazz presented in support of his claim of

equitable tolling. Further factual development, including an

evidentiary hearing, may be necessary to resolve the equitable

tolling issue.

We note that Shabazz's petition raises arguments, cognizable

in federal habeas, which have not been addressed in the first

instance by the district court and which were not considered by

the district court in its determination whether a COA should

issue. See Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997);

United States v. Youngblood, 116 F.3d 1113, 1114 (5th Cir. 1997).

This opinion expresses no intimation as to the ultimate

outcome of this appeal. However, we note that the AEDPA

limitations period should only be equitably tolled in "rare and

exceptional circumstances." Davis, No. 98-20507, 1998 WL 733731,

at *6.

APPEAL SEVERED FROM NO. 98-40446; COA GRANTED; VACATED AND

REMANDED.