IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41179
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HUGO RENE AVALOS-MEDA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-324
- - - - - - - - - -

November 16, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

    Hugo Rene Avalos-Meda, a federal prisoner, seeks a
certificate of appealability (COA) from the denial of his motion
for arrest of judgment filed pursuant to Fed. R. Civ. P. 60(b) in
which he alleged that the district court made a mistake of law in
dismissing his 28 U.S.C. § 2255 motion for abuse of the writ.

    A COA may be issued only if the prisoner has made a
"substantial showing of the denial of a constitutional right."
28 U.S.C. § 2253(c)(2).  In cases in which the underlying
constitutional issues were never reached, the movant must make a

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

credible showing of error by the district court in its dismissal. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). The only issue over which this court has jurisdiction is whether the district court abused its discretion in denying Avalos-Meda's Rule 60(b) motion. The underlying constitutional issues raised in Meda's § 2255 motion are not before the court. See In re Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). Avalos-Meda has made a credible showing that the district court abused its discretion by dismissing his Rule 60(b) motion. COA is GRANTED, and the case is VACATED AND REMANDED for further proceedings. See Whitehead v. Johnson, ___ F.3d ___ (5th Cir. Oct. 15, 1998, No. 98-10422), 1998 WL 671294, *3-4.

Under Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a § 2255 motion may be dismissed for delay if it appears that the delay has prejudiced the Government's ability to respond to the § 2255 motion. See Walters v. Scott, 21 F.3d 683, 687 (5th Cir. 1994) (§ 2254 case). There was no allegation or showing that the Government was prejudiced in its ability to respond to Avalos-Meda's § 2255 motion due to his delay in filing it. Because it was error for the district court to dismiss the § 2255 motion absent a showing by the Government that it was prejudiced by the two-year delay, the district court abused its discretion by denying Avalos-Meda's Rule 60(b) motion.

COA GRANTED; VACATED AND REMANDED.