```
                IN THE UNITED STATES COURT OF APPEALS
                       FOR THE FIFTH CIRCUIT

                       _____

                        Nos. 98-40158 and
                            98-40275
                        Summary Calendar
                       _____


UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

versus

ANTONIO L. ABRON,

                                            Defendant-Appellant,

*****************************************************************

ANTONIO L. ABRON,

                                            Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                            Respondent-Appellee.
                       - - - - - - - - - -
              Appeals from the United States District Court
                   for the Eastern District of Texas
                      USDC Nos. 9:97-CV-157 and
                            9:97-CV-428
                       - - - - - - - - - -

                        December 15, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*
```

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Antonio L. Abron, federal prisoner # 08715-035, appeals from the district court's denial of his motion for leave to extend time to file original 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (No. 98-40158) and the district court's denial of 28 U.S.C. § 2241 construed as motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (No. 98-40275). He argues in both appeals that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has infringed upon his right to petition the government, his counsel was ineffective, and the district court abused its discretion in enhancing his sentence for obstruction of justice. We sua sponte consolidate the appeals pursuant to Fed. R. App. P. 3(b).

Abron offers no argument in his brief to challenge the district court's denial of his motion for an extension of time to file his § 2255 motion. Issues which are not briefed are waived. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). According, the appeal in No. 98-40158 is DISMISSED.

Because Abron filed the § 2255 motion after April 24, 1996, the effective date of the AEDPA, he must obtain a certificate of appealability (COA), before proceeding with this appeal. Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997). A COA may be issued only if Abron has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the issue is nonconstitutional, like the limitations question in this case, this court applies a two-step analysis to determine whether to issue a COA. First, the court determines whether the

movant has made a credible showing of error.  Only if that question is answered in the affirmative will the court consider whether the movant's underlying claim satisfies the COA standard. Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997) (28 U.S.C. § 2254 case).

Abron has not made a credible showing that the district court erred in dismissing his § 2255 motion.  His request for COA to proceed in No. 98-40275 is DENIED.

Abron's request for leave to proceed in forma pauperis (IFP) is DENIED.

No. 98-40158 DISMISSED; No. 98-40275 COA DENIED; IFP DENIED.