IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-51029
_____

JOE EPPERSON,

                                    Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-97-CV-533
- - - - - - - - - -

February 19, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joe Epperson, Texas prisoner # 588235, seeks a certificate
of appealability ("COA") for an appeal from the district court's
dismissal of his 28 U.S.C. § 2254 application as barred by
limitations. See 28 U.S.C. § 2253(c)(1)(A). COA will be granted
only if Epperson makes a substantial showing of the denial of a
federal right. 28 U.S.C. § 2253(c)(2). When the underlying
issue is not of constitutional dimension, as in this COA
application, the prisoner must first make a credible showing that
the district court erred before this court will consider whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he has made a substantial showing of the denial of a constitutional right. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

A one-year period of limitation applies to applications for a writ of habeas corpus by persons in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). A habeas applicant whose claims otherwise would be time-barred because the limitations period would have expired before the effective date of the AEDPA had until April 24, 1997, to file his habeas application. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Because Epperson's conviction became final prior to the effective date of the AEDPA, without tolling, Epperson had until April 24, 1997, to file his § 2254 application. Epperson's habeas application was filed after that date.

Under § 2244(d)(2), the period during which an application for state habeas corpus relief regarding the same conviction and sentence is pending is not counted towards the one-year statutory limitations period in § 2244(d)(1). See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). Because Epperson's state postconviction proceeding was pending for 98 days during the year following April 24, 1996, Epperson had 98 days past April 24, 1997, within which to file his habeas application in the district court. His June 16, 1997, habeas application was filed within that time. COA is GRANTED as to this issue only.

This court lacks jurisdiction to consider the merits of Epperson's unaddressed underlying habeas corpus claims. See Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Accordingly, the district court's judgment is VACATED and the case is REMANDED for further proceedings.

COA GRANTED; VACATED AND REMANDED.