IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31191
USDC No. 98-CV-2653
_____

ALLEN CROSBY,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2653-F)
---------------------

April 22, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Allen Crosby, Louisiana prisoner #94047, seeks a certificate of appealability (COA) to appeal from the dismissal of his habeas corpus application for failure to obtain authorization from this court to file a successive application. Crosby contends that he received ineffective assistance of counsel; that the Antiterrorism and Effective Death Penalty Act (AEDPA) did not apply to his application; that exhaustion of his claims in state

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court would be futile; that he could show cause for his failure to raise his claims in state court and prejudice arising from counsels' errors; and that the ends of justice would be served by consideration of his claims.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court's denial of a COA motion was based upon a procedural ground, this court employs a two-step process.  *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).  First, this court must decide if Crosby has made a credible showing of procedural error.  Second, this court must determine if Crosby's underlying claim that he was denied a constitutional right is debatable among reasonable jurists.  *Id.*  Crosby has not made the necessary showing to obtain a COA.  Crosby did not obtain authorization from this court to file a successive habeas corpus application, as is required by statute.  28 U.S.C. § 2244(b)(3)(A).  Crosby's COA motion therefore is DENIED.

We warned Crosby after his most recent motion for authorization to file a successive application that the filing of repetitious or frivolous motions for authorization would invite the imposition of sanctions.  *In re: Crosby*, No. 98-00039, slip op. at 2 (5th Cir. Feb. 11, 1998)(unpublished order).  Rather than file another motion for authorization, Crosby filed a habeas application in the district court raising claims he raised in his previous motions for authorization.  Crosby's habeas application was an abuse of the habeas corpus procedures set out in the

AEDPA.  Therefore, IT IS ORDERED that Crosby is sanctioned $105, thus doubling his cost of bringing this appeal.  IT IS ALSO ORDERED that Crosby remit payment to the Clerk of this Court. The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any habeas corpus application, appeal or COA motion; any motion for authorization to file a successive habeas corpus application; or any civil complaint or appeal by Crosby unless Crosby submits proof of satisfaction of this sanction.