**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-11285
_____

BRIAN WILLIAMS BUCHANAN,

                                    Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Northern District of Texas

---------------------
June 3, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges:

PER CURIAM:[*]

     Brian Buchanan requests a certificate of appealability ("COA") to appeal the dismissal of his 28 U.S.C. § 2254 federal habeas petition as barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).  Buchanan contends that the district court erred in dismissing his § 2254 petition as time-barred under § 2244(d).  He argues that the limitations period should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been equitably tolled until he received notice of the denial

of his state habeas application and for an additional 14 days while he was preparing his federal habeas petition for filing. He also avers that application of the limitations period in § 2244(d) to bar his first federal habeas petition violates the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2.

Although we agree with the district court that Buchanan's petition was untimely under § 2244(d) and, therefore, deny a COA on that issue, this did not relieve the district court of its obligation to examine the argument that § 2244(d) violates the Suspension Clause. Buchanan first raised his Suspension Clause arguments in his response to the respondent's motion to dismiss his § 2254 petition as time-barred. The district court should have construed his response as a motion to amend his § 2254 petition. See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996)(holding that an issue raised for the first time in an objection to a magistrate judge's report may be construed as a motion to amend the complaint). Buchanan was entitled to amend his § 2254 pleading once as of right, because the state only moved to dismiss the § 2254 application and had not yet filed a responsive pleading. See FED. R. CIV. P. 15(a); Barksdale v. King, 699 F.2d 744, 746-47 (5th Cir. 1983). Therefore, the Suspension Clause claim should be treated as an amendment to Buchanan's § 2254 petition, and the merits of this claim should be addressed. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

A COA is GRANTED only as to Buchanan's Suspension Clause claim, the order dismissing Buchanan's § 2254 petition is VACATED, and this case is REMANDED for consideration of the merits of the Suspension Clause claim. See Sonnier v. Johnson, 161 F.3d 941, 945-46 (5th Cir. 1998); Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

COA MOTION GRANTED; CASE VACATED and REMANDED.