IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10641
USDC No. 3:97-CV-1695-D
_____

ROBERT EDWARD BRATTAIN,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------

Appeal from the United States District Court
for the Northern District of Texas

--------------------
November 8, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Edward Brattain, Texas prisoner #603113, seeks a certificate of appealability (COA) to appeal the district court's dismissal without prejudice of his "mixed" 28 U.S.C. § 2254 petition for failure to exhaust state remedies. The district court determined that Brattain had failed to exhaust his state remedies with regard to his claim that his guilty plea was induced by his attorney's unkept promise that an appeal would be taken from the denial of a motion to suppress.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An applicant must make a substantial showing of the denial of a constitutional right to obtain a COA. See § 2253(c)(2); Drinkard v. Johnson, 97 F.3d 751, 756 (5th Cir. 1996). In order to obtain a COA for the nonconstitutional issue of dismissal for failure to exhaust state remedies, the applicant must first make a credible showing of exhaustion. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). Only if that question is answered in the affirmative will the court consider whether the applicant has made a substantial showing of the denial of a constitutional right on the underlying claim. Id.

Before a state prisoner may seek federal habeas relief, he must exhaust available state remedies. See § 2254(b). Exhaustion normally requires only that the federal claim was fairly presented to the highest court of the state, either on direct review or in a postconviction attack. Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982). A prisoner who submits a mixed petition may either amend or resubmit a petition with only exhausted claims or return to state court to exhaust the remainder of the claims. Rose v. Lundy, 455 U.S. 509, 510, 522 (1982).

A review of the record reveals that the district court erred in finding that Brattain did not present his involuntary-guilty-plea claim in state court and erred in dismissing Brattain's petition for failure to exhaust. Because Brattain has shown that his § 2254 petition should not have been dismissed for failure to exhaust state remedies, this court ordinarily would proceed to the merits of Brattain's habeas claims. See Sonnier v. Johnson,

161 F.3d 941, 943-44 (5th Cir. 1998). However, this court lack jurisdiction to do so in the instant case because the district court did not address the merits of Brattain's claims as an alternative to its procedural holding. See id. at 945-46; Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). Accordingly, COA is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings.