IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40395
USDC No. 2:98-CV-51-DF
_____

JAMES WILSON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------

Appeal from the United States District Court
for the Eastern District of Texas

--------------------
January 10, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Wilson, Texas prisoner # 655097, requests a Certificate of Appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. In his § 2254 petition, Wilson raised only the issue of whether the prosecution failed to disclose evidence favorable to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). He argues that he exhausted this issue by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raising it in his second state application for post-conviction relief.

An applicant must make a substantial showing of the denial of a constitutional right to obtain a COA. See § 2253(c)(2). In order to obtain a COA for the nonconstitutional issue of dismissal for failure to exhaust state remedies, the applicant must first make a credible showing of exhaustion. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). Only if that question is answered in the affirmative will the court consider whether the applicant has made a substantial showing of the denial of a constitutional right on the underlying claim. Id.

Wilson plainly raised the Brady issue in his second state petition for post-conviction relief which the Texas Court of Criminal Appeals dismissed under TEX. CODE CRIM. P. ANN. art. 11.07, § 4. Therefore, he has exhausted state remedies with respect to this issue, and the district court erred in dismissing his petition. This court ordinarily would proceed to the merits of Wilson's habeas claim. See Sonnier v. Johnson, 161 F.3d 941, 945-46 (5th Cir. 1998). However, this court lacks jurisdiction to do so in the instant case because the district court did not address the merits of Wilson's claim as an alternative to its procedural holding. See id.; Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998). Accordingly, COA is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED to the district court for further proceedings.