No. 99-40811
- 1 -

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40811
Summary Calendar
_____

JEHAAD A.M.E. SAAHIR,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1660
--------------------
May 5, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jehaad A.M.E. Saahir, Texas prisoner # 291515, seeks a certificate of appealability (COA) to appeal the denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Saahir's motion for appointment of counsel is DENIED. Saahir argues that the district court erred in failing to address four grounds of error raised in his application. He also argues that the district court erred in finding that he had not alleged that he was eligible for mandatory supervision.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saahir is correct on both counts. The district court failed to address the first four claims raised by Saahir challenging Tex. Gov't Code Ann. § 498.005 (West 1998) and the TDCJ policy adopted pursuant to that statute on due process, equal protection, and ex post facto grounds. Saahir has made a credible showing that the district court erred. Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). A COA is GRANTED, the judgment of the district court is VACATED, and this case is REMANDED for consideration of those claims, including consideration of whether Saahir should have raised these claims in one of his earlier § 2254 applications and whether his attempt to raise them in this application runs afoul of the prohibition against filing successive § 2254 applications contained in the AEDPA, 28 U.S.C. § 2244.

Saahir alleged that he was eligible for mandatory supervision in the district court in the supplemental petition filed in response to questions posed by the magistrate judge. He alleged that he had served 20 calendar years and that if his good time was restored he would be eligible for mandatory supervision. Saahir has made a credible showing that the district court erred in dismissing his application because he had not stated whether he was eligible for mandatory supervision. A COA is GRANTED on this issue also, the judgment of the district court is VACATED, and this case is REMANDED for the district court to consider the merits of Saahir's claim that he was deprived of due process at his disciplinary proceedings.

GRANT COA, VACATE AND REMAND.