United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-20427
Summary Calendar

————————————

CLAUDIA OJEDA,

Petitioner-Appellant,

versus

FEDERAL BUREAU OF PRISONS,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No.4:05-CV-2327
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Claudia Ojeda, federal prisoner # 27596-051, appeals the
district court's denial of her motion for reconsideration of its
order denying her 28 U.S.C. § 2241 habeas petition.

Ojeda argues that the Bureau of Prisons (BOP) violated her
rights under the Ex Post Facto Clause and the Due Process Clause
when it terminated the Intensive Confinement Center (ICC)
Program, for which she had been recommended at the time of her
sentencing.  Ojeda also argues that the termination of the

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

program without providing notice and a chance to comment violated regulations under the Administrative Procedure Act (APA).

A change in a policy that merely affects an inmate's "opportunity to take advantage of provisions for early release" does not violate the Ex Post Facto Clause. Wottling v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998) (internal quotation and citation omitted). The termination of the ICC program did not increase the penalty imposed and, thus, did not violate the Ex Post Facto Clause.

Ojeda argues that she was denied due process at sentencing because the parties and the district court were acting under the mistaken assumption that she could participate in the ICC program. Ojeda cannot show a due process violation based on a postsentence change in policy thwarting the subjective intent of the district court at sentencing. United States v. Addonizio, 442 U.S. 178, 187-88 (1979); United States v. DeLario, 120 F.3d 580, 582 (5th Cir. 1997).

Insofar as Ojeda is challenging the validity of her plea or the lawfulness of her sentence, rather than the manner in which her sentence is being executed, her remedy is to file a 28 U.S.C. § 2255 motion in the district court in which she was sentenced. Addonizio, 442 U.S. at 185.

With respect to the alleged violations of the notice and comment requirements of the APA, agency action is not subject to judicial review if such action "is committed to agency discretion

by law." <u>Lincoln v. Vigil</u>, 508 U.S. 182, 190-91 (1993). The allocation of a lump-sum appropriation is an administrative decision that is generally committed to agency discretion, and the courts will not interfere if the funds are used to meet "permissible statutory objectives." <u>Id.</u> at 193. The ICC program was funded by lump-sum Congressional appropriations, and the decision to terminate the program was discretionary. It was merely a change in a rule of agency organization, which is exempt from the notice requirements. 5 U.S.C. § 553(b)(A). Thus, the change is policy was exempt from the notice and comment requirements of the APA. <u>Lincoln</u>, 508 U.S. at 195-98.

The judgment of the district court is AFFIRMED.