Martin Joseph SONNIER,
Petitioner–Appellant,

v.

Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 98–20148.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1998.

Martin Joseph Sonnier, Beaumont, TX, pro se.

William Charles Zapalac, Asst. Atty. Gen., Austin, TX, for Respondent–Appellee.

Before JOLLY, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Petitioner–Appellant Martin Joseph Sonnier requests that we issue a certificate of appealability (COA) for him to appeal the district court's dismissal of his 28 U.S.C. § 2254 application for habeas relief as time-barred under the AEDPA-amended limitations provision of § 2244(d)(1). In addition to challenging this ruling of the district court, Sonnier contends that the limitation period instituted by the AEDPA violates the Suspension Clause of the United States Constitution. Sonnier has also filed motions for appointment of counsel, DNA testing, and alteration and reconsideration. For the reasons set forth below, we grant a COA on the limitations issue only, deny Sonnier's other motions, and vacate the ruling of the district court that Sonnier's application for a writ of habeas corpus is time-barred. Further, we remand to that court (1) to reconsider the time-bar issue, (2) if it determines that Sonnier's application is not time-barred, to consider the Respondent's reserved defenses of failure to exhaust and procedural default; and (3) if the court rejects all of the Respondent's procedural defenses, to consider the merits of the constitutional issues raised by Sonnier (including his Suspension Clause claim).

I.

FACTS AND PROCEEDINGS

Sonnier was convicted in state court of aggravated sexual assault of a child and in 1992 was sentenced to prison for 25 years. His conviction was affirmed on direct appeal in 1994, and his state habeas application, filed on April 25, 1995, was denied on June 5, 1996.

Sonnier's signed but undated 28 U.S.C. § 2254 application was date-stamped "filed" by the district court on June 23, 1997. It advanced four claims: (1) that he was indicted twice for the same offense; (2) that DNA and blood tests proved that the allegations against him were false; (3) that the

complainant's physical examinations were negative; and (4) that he (Sonnier) received ineffective assistance of counsel. Sonnier's motion to proceed *in forma pauperis* (IFP) is also signed but undated, but the printout of his prison account is dated June 5, 1997; and it was certified by the prison officials on June 6, 1997. His motion for DNA testing is both unsigned and undated.

In September of 1997, the Respondent filed a motion to dismiss, arguing that Sonnier's application was barred by the statute of limitations. The Respondent also asserted that Sonnier had failed to exhaust all of his claims, Respondent reserving the right to assert the defenses of failure to exhaust and procedural default in the event that the district court should deny the motion to dismiss on grounds of time-bar. Sonnier did not respond to the Respondent's motion.

■ The following January, the district court dismissed Sonnier's application as time-barred, never reaching Respondent's other procedural defenses or the merits of Sonnier's habeas application. The district court entered its final judgment of dismissal on January 29, 1998, and Sonnier filed a "Motion to Alter and Reconsider and Notice of Appeal" on February 13, 1998.[1] The district court construed this pleading as Sonnier's notice of appeal and request for a COA. As it found that Sonnier's appeal was not taken in good faith, the district court denied the IFP request as well as the COA application, even before he made a specific request for IFP.

The district court also denied Sonnier's Rule 59(e) motion to alter and reconsider, concluding that there was no legal basis for the relief sought. As required by Fed. R.App.P. 4(a)(4), Sonnier filed a supplemental notice of appeal in March of 1998, seeking our review of the district court's order denying his motion to alter and reconsider. We thus have appellate jurisdiction to review both the underlying judgment and the denial of the post-judgment motion.

Sonnier also filed a motion to proceed IFP on appeal. In April, 1998, the district court issued an initial partial filing fee order pursuant to the PLRA, authorizing withdrawal of $1.33 from Sonnier's account.

## II

## ANALYSIS

### A. *IFP*

■ The PLRA does not apply to § 2254 habeas actions. *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir.1997). As such, the district court's partial filing fee order was issued in error; however, Sonnier does not raise this error as an issue in his COA application. *See United States v. Brace,* 145 F.3d 247, 255–56 (5th Cir.1998) (en banc) (court reviews only those issues presented by the parties). Regardless, the discrete facts surrounding Sonnier's IFP application and the prison's certification of his trust account are relevant to the time-bar issue.

### B. *COA Standard*

■ A COA may be issued only if the prisoner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). In an appeal such as this one, however, in which the applicant challenges the district court's dismissal for a reason not of constitutional dimension—here, application of the post-AEDPA statutory limitations period—the petitioner must first make a credible showing that the district court erred. *Whitehead v. Johnson,* 157 F.3d 384, 386–87 (5th Cir.1998), (citing *Murphy v. Johnson,* 110 F.3d 10, 11 (5th Cir. 1997) and applying the COA standard to the nonconstitutional issue of exhaustion of state remedies). Only if such a showing of error is made will the court also consider whether the prisoner has made a substantial showing of

---

1. The motion was a Fed.R.Civ.P. 59(e) motion because it challenged the underlying judgment. *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669–70 (5th Cir.1986) (en banc). It was filed one day past the 10–day period for filing a timely 59(e) motion, but because Sonnier is a *pro se* prisoner, there is a presumption that the pleading was delivered to prison authorities for mailing within the 10–day period, making the motion timely. *See United States v. Leach,* 918 F.2d 464, 466 n. 3 (5th Cir.1990) (*pro se* prisoner's notice of appeal received within two days of expiration of period for filing timely notice is presumed to be timely).

the ·denial of a constitutional right on the underlying claims. *Whitehead,* 157 F.3d 384, 386–87. We resolve any doubt about entitlement to a COA in favor of granting it. *Id.,* citing *Fuller v. Johnson,* 114 F.3d 491, 495 (5th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 399, 139 L.Ed.2d 312 (1997).

### 1. *Statute of limitations*

Most of Sonnier's brief is devoted to arguing the merits of the issues he sought to raise regarding the legality of his conviction. He does, however, make an argument regarding the basis of the district court's dismissal grounded in the running of the statute of limitations. He contends that his § 2254 application was picked up by prison security on June 4, 1997, so that *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) operates to make his application timely filed on that date.

Section 2244(d) as amended by the AEDPA provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§ 2244(d).

We addressed the application of the analogous one-year limitation period for motions brought under 28 U.S.C. § 2255 in *United States v. Flores,* 135 F.3d 1000, 1002–06 (5th Cir.1998). In *Flores* we held that federal prisoners whose convictions had become final before the April 24, 1996, effective date of the AEDPA "must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief under section 2255." *Id.* at 1005. One year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief under 28 U.S.C. § 2255. *Id.* at 1005–06. In *Flanagan v. Johnson,* 154 F.3d 196, 199–200 and n. 2 (5th Cir.1998), we noted that the rule of *Flores* applied with equal force to state prisoners seeking habeas relief under § 2254. We also held in *Flanagan* that Fed.R.Civ.P. 6(a)'s method for computing time should be applied to compute the AEDPA's one-year limitation period, making April 24, 1997, the last day of the one-year period. 154 F.3d at 200–02. Therefore, as Sonnier was challenging a state-court conviction that became final prior to the effective date of the AEDPA, he had at least until April 24, 1997, to file his § 2254 application. *See id.*

■■■■ The period during which Sonnier's state habeas application was pending does not count toward the period of limitation. *See* § 2244(d)(2). Sonnier filed his last state habeas application on April 25, 1995, and it was denied on June 5, 1996. Thus, the one-year limitation period was tolled until June 5, 1996, while Sonnier's state habeas application was pending, thereby extending the one-year period until June 5, 1997. *See* § 2244(d)(2). Not having the benefit of the *Flanagan* opinion regarding the application of Rule 6(a)'s method of computation of time, the district court incorrectly determined that the last day of the one-year period within which Sonnier had to file his § 2254 application was June 4, 1997. As Sonnier's § 2254 applica-

tion was not date-stamped by the district court until June 23, 1997, and as that application is itself undated, we cannot tell from the record on appeal whether he deposited them for mailing on or before June 5.[2]

■ As noted, the certification of Sonnier's prison account print-out is dated June 6, 1997, and that print-out itself is dated June 5, 1997. It is therefore conceivable and even probable that, as Sonnier insists, he did deposit his pleadings for mailing with prison authorities on June 4, which would make his application timely. Sonnier did not allege a deposit date in the district court in a response to the Respondent's motion to dismiss or in his own motion to alter and reconsider. Under *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), however, the district court had the duty to construe Sonnier's pleadings liberally, including reviewing them for indications of an earlier constructive filing date based on the time he deposited his pleadings with prison officials. The district court did note the June 6, 1997, certification date of Sonnier's prison account, but failed to note that the computer printout bore the date of June 5. The district court also miscalculated as June 4, rather than June 5, the last day for Sonnier to file his application timely.

■ According to the guidelines we established pursuant to *Houston v. Lack*, 487 U.S. at 276, 108 S.Ct. 2379, if the pro se prisoner's notice of appeal is received by the district court within two business days after the last day for filing, it is to be treated as timely, as we will presume that it was timely delivered for mailing via the prison mail system. *Leach*, 918 F.2d at 466 n. 3; *United States v. Young*, 966 F.2d 164, 165 (5th Cir.1992). Sonnier's pleadings were stamped "filed" by the district court on June 23, 1997. There is no earlier "received" stamp showing that the pleadings were received by the district court within two days after the last day required for the presumption to apply. Even though the *Houston v. Lack* presumption thus does not apply, if Sonnier's habeas application was in fact deposited with prison officials for

mailing on or before June 5, it was timely filed. *Spotville*, 149 F.3d at 378.

■ Sonnier has made a credible showing that the district court erred in dismissing his § 2254 application as barred by the post-AEDPA one-year statute of limitations of § 2244(d)(1). *See Murphy*, 110 F.3d at 11. We do not today hold that Sonnier's filing was timely, only that it remains for the district court to determine conclusively, based on further fact-finding by that court on remand if need be, whether the filing was timely, i.e., whether Sonnier's application was deposited with prison officials on or before June 5, 1997.

2. Murphy v. Johnson

■ With the first step of the *Murphy* test satisfied, we would normally turn to the second step: determination whether the applicant has made a substantial showing of the denial of a constitutional right on the underlying claims. *Murphy*, 110 F.3d at 11; *Whitehead*, 157 F.3d 384, 387–88. But, as was the case in *Whitehead*, proceeding to the second step of the *Murphy* test here would be premature, not only because the issue of time-bar must first be determined conclusively, but also because in the Respondent's motion to dismiss this case as time-barred, he reserved the right to plead failure to exhaust and procedural default if the district court should decline to dismiss on grounds of time-bar. Therefore, if we were to address the merits of Sonnier's constitutional habeas claims on a COA application, the Respondent's potential defenses of exhaustion and procedural default would be bypassed, as would (1) the final and complete disposition of the statute of limitations issue and (2) the required initial consideration of Sonnier's constitutional issues by the district court. "A district court must deny the COA before a petitioner can request one from this court. The rule contemplates that the district court will make the first judgment whether a COA should issue and on which issues, and that the circuit court will be informed by the district court's determination in its own decisionmaking." *Whitehead*, 157 F.3d at 387–

**2.** A prisoner's habeas application is considered "filed" when delivered to the prison authorities

for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998).

88, citing *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir.1997). Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal. *Id.*

Having determined that the district court (1) erred in its consideration of time-bar relative to Sonnier's application and (2) never reached either the Respondent's reserved non-constitutional contentions or the constitutional issues raised by Sonnier in his habeas application, we must remand for the district court (i) to revisit the issue of time-bar, including the Suspension Clause issue if the court again finds the application to be time-barred; (ii) if Sonnier's application proves to have been timely filed, to address the Respondent's assertion of failure to exhaust and procedural default; and (iii) if those defenses fail, to be the first court to consider the merits of Sonnier's habeas claims. *See Whitehead*, 157 F.3d at 387–88. We therefore grant a COA on the statute of limitations issue, vacate the judgment of the district court, and remand to that court with instructions to address further the question of the timeliness of Sonnier's filing and the Suspension Clause issue, and if found to be timely, to address the remaining issues seriatim.

## C. *Other motions*

Sonnier has also filed motions seeking (1) appointment of counsel, (2) alteration and reconsideration, and (3) DNA testing. These motions are without merit, and the interests of justice do not require the appointment of counsel. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir.1985). We therefore deny all of Sonnier's other motions.

## III

## CONCLUSION

Inasmuch as the district court dismissed Sonnier's application for habeas relief and denied a COA under the post-AEDPA time limitation of § 2244(d)(1) without ever reaching Respondent's other contentions or the constitutional issues advanced by Sonnier as the basis for habeas relief and a COA, we grant a COA on the statute of limitations issue, vacate the judgment of the district court, and remand this case so that the district court can complete the necessary determination of the timeliness of Sonnier's § 2254 application (including consideration of his Suspension Clause claim if the court again finds the application time-barred) and, if need be, the Respondent's other non-constitutional contentions. Then, if Sonnier's case remains viable, the district court shall consider the merits of his constitutional claims. We direct the taking of this final step on authority of the exception recognized in *Whitehead v. Johnson* to the second step analysis of *Murphy v. Johnson:* The constitutional questions presented by Sonnier's application for a COA must be considered first by the district court which, in this case, did not reach them because it dismissed Sonnier's COA application on the non-constitutional ground of time-bar. Finally, we deny as meritless Sonnier's aforesaid motions for appointment of counsel, DNA testing, and alteration or reconsideration.

COA GRANTED; judgment VACATED, and case REMANDED; motions DENIED.