IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 98-30962
Summary Calendar

—————————————

LAWRENCE JENKINS,

Petitioner-Appellant,

versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

Respondent-Appellee.

---------------------

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1447-L

---------------------

March 11, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lawrence Jenkins, Louisiana prisoner # 93157, requests a
certificate of appealability (COA) to appeal the district court's
dismissal of his 28 U.S.C. § 2254 application for habeas corpus
relief as barred as untimely on state procedural grounds under
LA. CODE CRIM. PROC. art. 930.8.  In his § 2254 application,
Jenkins argued that his due process rights were violated during

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jury selection, that evidence was improperly admitted, that the jury was tainted because one of the jurors knew and had a relationship with the alleged victim, that the jury was improperly influenced by the presence of women's rights groups in the courtroom, that the failure to give a special charge violated due process, that the jury charge on reasonable doubt violated due process, that the trial judge's comments during the jury charge violated due process, that the court improperly allowed expert witnesses to testify beyond the scope of their qualifications and to invade the province of the jury by testifying as to the ultimate issue, and that his counsel was ineffective based on inadequate investigation and consultation in the case and his failure to prepare the defense of consent, to provide expert testimony, or to obtain the grand jury transcript. Jenkins argues that his § 2254 petition is not based on the claims which the state court found to be barred under LA. CODE CRIM. PROC. art. 930.8.

To obtain a COA, Jenkins must show that the district court erred in denying his petition on a nonconstitutional ground, here, the existence of an independent and adequate state procedural bar, and must make a substantial showing of the denial of a constitutional right. See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998).

The district court erred in denying all of Jenkins' claims based on its determination that the last reasoned state court opinion addressing these claims held that they were barred under

LA. CODE CRIM. PROC. art. 930.8. Only the two claims raised in Jenkins' 1994 state petition, namely, his claim of error in the reasonable doubt instruction and his claim of ineffective assistance based on his counsel's failure to object to this instruction, were denied by the state court on this basis. Jenkins did not raise the ineffective assistance claim in this petition. Additionally, even though the issue of the validity of the jury instruction on reasonable doubt was held to be procedurally barred as untimely in Jenkins' 1994 state petition, it was timely raised in Jenkins' 1991 state petition, and it was addressed on the merits by the state court. Thus, Jenkins' inclusion of this issue in his § 2254 petition and his assertion that he is pursuing the claims raised in his 1991 state habeas petition adequately raised this issue. As Jenkins' claims are not barred on independent and adequate state law grounds under LA. CODE CRIM. PROC. art. 930.8, as found by the district court, the merits of his claims must be examined.

COA is GRANTED, the district court's judgment denying Jenkins' habeas corpus petition is VACATED, and the case is REMANDED to the district court for consideration of these claims. See Whitehead, 157 F.3d at 388.

MOTION GRANTED, JUDGMENT VACATED, and case REMANDED.