IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21100
_____

HARVEY DALE ANGEL,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-2182
--------------------

October 22, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Harvey Dale Angel, Texas prisoner # 638529, seeks a
certificate of appealability (COA) to appeal from the dismissal
of his 28 U.S.C. § 2254 petition as untimely.  He further seeks a
COA to appeal the denial of his underlying constitutional claims.

To obtain a COA, an applicant must make a substantial
showing of the denial of a constitutional right.  See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2253(c)(2); Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996). In considering a nonconstitutional question in a COA application, such as the limitations issue presented here, the petitioner must first make a credible showing of error by the district court. See Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998). Only if the petitioner succeeds in doing so will the court consider whether he has made a substantial showing of the denial of a constitutional right on his underlying claims. Id.

Angel has made a credible showing that the district court erred in dismissing his § 2254 petition as untimely. Under this court's recent decision in Villegas v. Johnson, ___ F.3d ___ (5th Cir. Aug. 9, 1999, No. 98-10298), 1999 WL 595157, the filing of Angel's second petition for state habeas corpus relief served to toll the one-year limitations period under § 2244(d)(2). Id. at *3. As Angel filed his § 2254 petition while this second state habeas petition was pending, his federal habeas petition was timely. Id.

Because the district court's order dismissing Angel's petition did not address the merits of his underlying claims, however, this court lacks jurisdiction to consider his request for a COA with regard to those claims. See Sonnier, 161 F.3d at 945-46. Accordingly, Angel is hereby GRANTED a COA on the question of the timeliness of his § 2254 petition, the district court's judgment dismissing his petition as time-barred is

VACATED, and this case REMANDED with instructions to address the merits of Angel's constitutional violations.

VACATED AND REMANDED.