IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30562
USDC No. 97-CV-1802
_____

FRANK L. MCCALL, JR.,

                                        Petitioner-Appellant,

versus

KELLY WARD, Warden, Wade Correctional Center,

                                        Respondent-Appellee.

----------------------
Appeal from the United States District Court
for the Western District of Louisiana
---------------------
November 9, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The notice of appeal filed by Frank McCall, Jr., Louisiana prisoner #130746, is construed as a request for a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254 petition as untimely. See Fed. R. App. P. 22(b)(2). To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. See § 2253(c)(2); Drinkard v. Johnson, 97 F.3d 751, 755 (5th Cir. 1996). In considering a nonconstitutional question in a COA application, such as the limitations issue presented here, the petitioner must first make

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a credible showing of error by the district court.  See Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).  Only if the petitioner succeeds in doing so will the court consider whether he has made a substantial showing of the denial of a constitutional right on his underlying claims.  Id.

McCall has made a credible showing that the district court erred in dismissing his § 2254 petition as untimely.  Under Villegas v. Johnson, 184 F.3d 467, 470-73 (5th Cir. 1999), the filing of McCall's application for state habeas corpus relief served to toll the one-year limitations period under § 2244(d)(2), even though the application was rejected by the state court as abusive.  As McCall filed his § 2254 petition while his state habeas application was pending on review in the Louisiana Supreme Court, his federal habeas petition was timely.

Accordingly, COA is GRANTED, the district court's judgment dismissing McCall's § 2254 petition as time-barred is VACATED, and the case is REMANDED for further proceedings.  See Sonnier, 161 F.3d at 945-46.

COA GRANTED; VACATED AND REMANDED.