IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50501
USDC No. A-97-CV-798
_____

KENNETH HILL,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------

November 24, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Hill, Texas state prisoner #632292, seeks a certificate of appealability (COA) to appeal from the dismissal of his 28 U.S.C. § 2254 petition as untimely and to appeal the denial of his underlying constitutional claims. While Hill's COA request was pending, Hill filed a second COA request and accompanying brief, noting a recent district court decision pertinent to the timeliness issue. This second request and brief

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is treated as a motion for leave to file a supplemental brief, which is GRANTED.  Fed. R. App. P. 28(j).

To obtain a COA, an applicant must make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  In considering a nonconstitutional question in a COA application, such as the limitations issue presented here, the petitioner must first make a credible showing of error by the district court.  Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).  Only if the petitioner succeeds in doing so will the court consider whether he has made a substantial showing of the denial of a constitutional right on his underlying claims.  Id.

Hill has made a credible showing that the district court erred in dismissing his § 2254 petition as untimely.  Under this court's recent decision in Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), Hill's third state habeas petition tolled the one-year limitation period under § 2244(d)(2).  Id. at 473.  Hill's federal habeas petition was therefore timely filed.  Id.

Because the district court's order dismissing Hill's petition did not address the merits of his underlying claims, this court lacks jurisdiction to consider his request for a COA with regard to those claims.  See Sonnier, 161 F.3d at 945-46.  Accordingly, Hill is hereby GRANTED a COA on the question of the timeliness of his § 2254 petition, the district court's judgment dismissing his petition as time-barred is VACATED, and this case REMANDED with instructions to address the merits of Hill's constitutional violations.

VACATED AND REMANDED.