IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20194
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILSON CALLE, also known as
Ricardo Aguirre-Arias,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. H-98-CV-2888, H-94-CR-194-6
- - - - - - - - - -

December 21, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Wilson Calle, federal prisoner #66452-079, requests a
certificate of appealability (COA) to appeal the district court's
dismissal of his 28 U.S.C. § 2255 motion.  Calle makes several
challenges to the sentence imposed by the district court that do
not fall within the narrow ambit of § 2255 review.  Accordingly,
we do not address his contentions that 1) the district court
should have departed downward based on his extraordinary family
circumstances; 2) the district court should have reduced his
offense level pursuant to U.S.S.G. § 3B1.2 to reflect his minimal

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

participation in the offense; and 3) the district court erred in increasing his offense level by two levels pursuant to § 2D1.1(b)(1) for possessing a firearm. See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Furthermore, Calle's argument that the Government violated 18 U.S.C. § 201(c)(2) is foreclosed by this court's precedent. See United States v. Barnett, ___ F.3d ___ (U.S., Nov. 22, 1999, No. 98-30365), 1999 WL 1057220 at *4. Calle's contention that the delay in bringing him to trial violated the Speedy Trial Act was raised on direct appeal and may not be raised again in a § 2255 motion. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

Calle also faults the district court for failing to address his ineffective-assistance-of-counsel claims. In denying Calle's § 2255 motion, the court stated that because he "was sentenced to the statutory minimum sentence, a lower sentence was beyond the court's authority," and that "[i]f every contested detail of Calle's sentencing were resolved in his favor, he would still get a sentence of ten years." The record reflects, however, that the district court imposed a guideline sentence of 160 months rather than the statutory minimum sentence of 120 months.

Calle has, therefore, made a credible showing that the district court erred in denying his § 2255 motion on the basis that he had received the statutory minimum sentence. See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998). We may not address the merits of his ineffectiveness claims in the first instance, because that would run afoul of the requirement that

the district court make the first judgment whether a COA should issue as to each claim presented by the petitioner.  See id. Accordingly, we grant COA and VACATE and REMAND so that the district court can consider the merits of Calle's ineffective assistance claims.