IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60484
Summary Calendar
_____

KOURTNEY DANTE BYNUM,

Petitioner-Appellant,

versus

WALTER BOOKER; MIKE MOORE, Attorney
General, State of Mississippi,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No.2:99-CV-101-D-B
--------------------
February 16, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kourtney Dante Bynum (Mississippi prisoner # 57301) moves this court for a certificate of appealability (COA) and for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his federal petition for habeas corpus wherein he challenged his state-court conviction for rape. The district court sua sponte dismissed Bynum's petition as time-barred under the one-year limitations period of 28 U.S.C. § 2244(d). The court reasoned that the period during which Bynum's state post-conviction application was pending did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

toll the one-year limitation period because the application was denied as procedurally barred.

To obtain a COA, Bynum must make a substantial showing of the of a constitutional right. See § 2253(c)(2). In considering a nonconstitutional question in a COA application, such as the limitations issues presented here, Bynum must first make a credible showing of error by the district court. See Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).

When it rendered its judgment, the district court did not have the benefit of this court's decision in Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999). In Villegas, this court held that to be "properly filed" for purposes of § 2244(d)(2), a state habeas petition need only be submitted according to the state's procedural filing requirements. Id. at 469-70. A successive state application or one containing procedurally barred claims is not per se improperly filed. Id. at 470-71.

A copy of Bynum's state post-conviction application is not included in the record; however, Bynum asserts that he filed such application in early May, 1998. Under Villegas, Bynum has made a credible showing that the district court erred by dismissing his petition as time-barred. See Sonnier, 161 F.3d at 943-44. Accordingly, Bynum's motion for a COA is GRANTED and the case is VACATED and REMANDED to the district court so that the court may determine conclusively whether the petition was timely filed. See Sonnier 161 F.3d at 945. Bynum's motion to proceed IFP is GRANTED. Bynum's motion to file a supplemental brief is DENIED as unnecessary.