IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40814
Summary Calendar
_____

CHARLES EUGENE POWERS,

                                        Petitioner-Appellant,

versus

DAVID STACKS, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-71
--------------------
March 17, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Charles Eugene Powers, Texas state prisoner # 55899,
requests a certificate of appealability (COA) to appeal the
district court's dismissal of his 28 U.S.C. § 2254 federal habeas
petition as barred by the one-year statute of limitations set
forth in 28 U.S.C. § 2244(d).  Powers argues that the district
court erred in dismissing his § 2254 petition as time-barred.
Because Powers's habeas petition was dismissed on limitations

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

grounds, he must first make a credible showing that the district court erred in dismissing the petition on limitations grounds. Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).

In his § 2254 petition, Powers attacked, among others, the judgment of conviction in cause no. F-93-0355-B. As the district court acknowledged, on or about February 17, 1999, the Texas Court of Criminal Appeals vacated Powers's conviction for burglary of a habitation in cause no. F-93-0355-B. We have reviewed Powers's state court judgment adjudicating guilt following mandate, dated July 16, 1999, in cause no. F-93-0355-B, in which Powers was sentenced to a five-year term of imprisonment for burglary of a building. To the extent that Powers challenged his judgment in cause no. F-93-0355-B in his § 2254 petition, Powers has made a credible showing that the district court erred in dismissing the petition on limitations grounds. Accordingly, COA is GRANTED.

To the extent that Powers's § 2254 petition attacked the judgment in cause no. F-93-0355-B, the § 2254 petition was premature. See § 2254(b)(1)(A). Powers's § 2254 claim that his thirty-year sentence in cause no. F-93-0355-B exceeded the statutory maximum for the offense was rendered moot by his resentencing to a five-year term of imprisonment. Therefore, as to cause no. F-93-0355-B, the judgment of the district court dismissing Powers's § 2254 petition is AFFIRMED on the alternate grounds that his claim that the thirty-year sentence exceeded the statutory maximum is moot and that the § 2254 petition is premature.

Powers argues that the limitation period should be equitably tolled because the Texas state courts mishandled his state habeas applications and delayed ruling on them. Powers has not shown "rare and exceptional circumstances" warranting the application of the doctrine of equitable tolling. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Felder v. Johnson, ___ F.3d ___ (5th Cir. Feb. 9, 2000, No. 98-21050), 2000 WL 144178, at *2. Therefore, to the extent that Powers challenged convictions other than that in cause no. F-93-0355-B, the § 2254 petition was untimely, and the judgment of the district court dismissing the petition as to these convictions on limitations grounds is AFFIRMED.

Powers's motion for the appointment of appellate counsel is DENIED.

COA GRANTED; AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.