IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60480
Summary Calendar
_____

JIMMIE L. JOHNSON,

                                        Petitioner-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS;
JAMES V. ANDERSON, Superintendent, Mississippi
State Penitentiary; MOORE, Attorney General
of the State of Mississippi,

                                        Respondents-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-80-S-B
---------------------
March 21, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jimmie Johnson ("Johnson"), Mississippi prisoner # 23689,
moves for leave to proceed in forma pauperis ("IFP") and a
certificate of appealability ("COA") from the district court's
dismissal of his 28 U.S.C. § 2254 as time-barred.  To obtain a
COA, he must make a substantial showing of the denial of a
constitutional right.  See 28 U.S.C. § 2253(c)(2).  In order to
obtain a COA for nonconstitutional issues, however, Johnson must
make a credible showing that the district court erred in

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissing his petition as time-barred.  See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998).

Johnson contends that the district court erred in dismissing his § 2254 petition as time-barred.  A state prisoner filing a § 2254 petition has one year from the date that his conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review to file his petition.  28 U.S.C. § 2244(d)(1)(A).  The time during which a "properly filed application" for state postconviction relief or other collateral review is pending is not counted.  See 28 U.S.C. § 2244(d)(2).  Johnson's argument that the district court erred by failing to toll the limitations period for the time during which his application for state postconviction relief was pending because it mistakenly concluded that his application was not "properly filed" makes a credible showing that the district court erred in dismissing his petition as time-barred.  See Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999) ("[A] successive state application or one containing procedurally barred claims" is not "per se improperly filed.").  Accordingly, we GRANT his motions for leave to proceed IFP and a COA, VACATE the district court's order of dismissal and judgment, and REMAND the case to the district court for further proceedings.

COA and IFP GRANTED; VACATED AND REMANDED.