IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-21156
USDC No. H-99-CV-2123

_____

GARY NEIL,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------
April 4, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary Neil, Texas prisoner # 598523, moves this court for a certificate of appealability (COA) to challenge the dismissal of his federal habeas petition for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  He also moves this court for leave to proceed in forma pauperis (IFP) on appeal.

To obtain a COA, Neil must make a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  When, as here, the district court's dismissal is based upon a procedural ground,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the prisoner must first make a credible showing that the district court erred in dismissing the habeas petition.  See Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).  Only if the petitioner succeeds in doing so will we consider whether he has made a substantial showing of the denial of a constitutional right on his underlying claims.  Id.

The district court dismissed Neil's habeas petition without prejudice after Neil omitted to file a traverse to the respondent's motion to dismiss that petition as barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period.  Under Rule 41(b), a district court may dismiss sua sponte an action for failure to prosecute or for failure to comply with any court order.  McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  We review the dismissal of an action pursuant to Rule 41(b) for an abuse of discretion.  See id.

Although the district court purported to dismiss Neil's habeas petition without prejudice, it is unclear whether the dismissal could trigger the requirements for filing a successive habeas petition imposed by the AEDPA.  See 28 U.S.C. § 2244(b)(3)(A) (West 1999).  Thus, the dismissal could operate as though it had been with prejudice despite the district court's characterization to the contrary.  We will therefore treat the dismissal as though it had been with prejudice.

A Rule 41(b) dismissal of a plaintiff's action with prejudice is a severe sanction, to be used only when the

plaintiff's conduct "has threatened the integrity of the judicial process." Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982). Accordingly, this court has adjured district courts that such a dismissal is improper unless the record evidences (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the interests of justice. McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988).

In dismissing Neil's § 2254 petition, the district court did not determine whether Neil's conduct had compromised the integrity of the judicial process or whether Neil's failure to respond to the respondent's motion to dismiss was motivated by intransigence. Nor does the record reflect that the district court considered whether any lesser sanction would have secured the interests of justice. See Rogers, 669 F.2d at 321; McNeal, 842 F.2d at 790. Without such findings, we cannot ascertain whether the district court abused its discretion in dismissing Neil's § 2254 petition. We therefore GRANT Neil a COA, VACATE the dismissal of his § 2254 petition, and REMAND this matter to the district court for further proceedings consistent with this holding. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998). Neil's motion for leave to proceed IFP on appeal is GRANTED. See Jackson v. Dallas Police Dept., 811 F.2d 260, 261 (5th Cir. 1986).

IFP GRANTED; COA GRANTED; VACATED AND REMANDED.