**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-11069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL JOHN MULLINS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-911-R

April 25, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael John Mullins, federal prisoner # 23522-077, seeks a certificate of appealability ("COA") to appeal the district court's judgment denying his 28 U.S.C. § 2255 motion. He renews his argument that counsel was ineffective in preventing him from testifying on his own behalf. He does not renew his argument that counsel was ineffective at trial and on appeal in failing to argue that the evidence was insufficient, and that argument is therefore waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

If his brief is liberally construed, Mullins also raises the following arguments for the first time on appeal: (1) the trial court failed to instruct the jury on the element of constructive possession and the defense of entrapment; (2) the sentencing judge erred in failing to award him an acceptance-of-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility reduction; (3) counsel was ineffective in failing to investigate; (4) counsel was ineffective in failing to introduce exculpatory evidence; (5) counsel was ineffective in failing to raise an entrapment defense and in failing to request a jury instruction on entrapment or constructive possession; and (6) counsel was ineffective in failing to request a sentencing reduction for acceptance of responsibility. This court does not have jurisdiction to consider these newly raised arguments. Whitehead v. Johnson, 157 F.3d 384, 387-88 (5th Cir. 1998).

Mullins contends that the district court erred in determining that his claim that counsel was ineffective in preventing him from testifying was procedurally barred. He has credibly shown that the district court erred in so holding. See 28 U.S.C. § 2253(c)(2); Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998); see also United States v. Crooks, 83 F.3d 103, 108 (5th Cir. 1996); United States v. Gaudet, 81 F.3d 585, 589 & n.5 (5th Cir. 1996); United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987). Accordingly, COA is GRANTED on the issue whether the district court erred in determining that Mullins' claim that counsel was ineffective in preventing him from testifying was procedurally barred. The portion of the district court's judgment relative to that claim only is VACATED, and the case is REMANDED for further proceedings.

COA GRANTED; VACATED AND REMANDED.