IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31160
_____

GARY V. SIMS,

                                        Petitioner-Appellant,

versus

WARDEN, WADE CORRECTIONAL CENTER,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-947
--------------------
June 21, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Gary V. Sims, Louisiana state prisoner # 125162, moves this court for a certificate of appealability (COA) to appeal the district court's dismissal of his federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 as time-barred under the one-year limitation period of 28 U.S.C. § 2244(d). The district court reasoned that the period during which Sims's second state post-conviction application was pending did not toll the one-year limitation period because the application was denied as untimely under La. Code Crim. Proc. Ann. art. 930.8.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sims argues that the district court erred in dismissing his § 2254 petition as time-barred because the Louisiana Supreme Court's dismissal of his second state post-conviction application was not based on "an independent and adequate default doctrine." He contends that his second post-conviction application in fact was a motion to correct an illegal sentence which the Louisiana Supreme Court erroneously treated as a post-conviction application and denied as untimely.

To obtain a COA, Sims must make a substantial showing of the denial of a constitutional right. See § 2253(c)(2). In considering a nonconstitutional question in a COA application, such as the limitations issue presented here, Sims must first make a credible showing of error by the district court. See Sonnier v. Johnson, 161 F.3d 941, 943-44 (5th Cir. 1998).

Under § 2244(d)(1)(A), a habeas petitioner has one year from the date that his conviction becomes final to file a habeas petition. Because Sims challenges a state-court conviction which became final before the effective date of the AEDPA, without tolling, Sims had until April 24, 1997, to file his § 2254 petition. Flanagan v. Johnson, 154 F.3d 196, 199-201 (5th Cir. 1998). Sims did not file his petition until May 26, 1999. Pursuant to § 2244(d)(2), however, the period during which a "properly filed" application for state habeas corpus relief is pending is not counted towards the one-year limitation period in § 2244(d)(1).

The district court found that the Louisiana Supreme Court denied writs on Sims's post-conviction applications on September

20, 1996, and on July 2, 1998. Because the district court treated the latter application as a post-conviction application rather than as a motion to correct an illegal sentence, we treat the application as a post-conviction application for purposes of § 2244(d)(2). Because of the limited record on appeal, however, this court cannot determine the length of time Sims's post-conviction applications were pending in state court for purposes of § 2244(d)(2). The pendency of one or both of Sims's state post-conviction applications, if "properly filed," may have tolled the one-year reasonableness period, possibly for a length of time sufficient to render Sims's federal habeas petition timely filed. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).

In rendering judgment, the district court did not have the benefit of this court's decision in Smith v. Ward, No. 98-30444, 2000 WL 358294 at *3 (5th Cir. Apr. 7, 2000). In Smith, 2000 WL 358294 at *3, this court held that a state habeas application, denied as time-barred pursuant to art. 930.8, was "properly filed" within the meaning of § 2244(d)(2). Because, under Smith, the pendency of Sims's second state post-conviction application, dismissed as untimely under art. 930.8, may have tolled the limitation period, Sims has made a credible showing that the district court erred in dismissing his federal habeas petition as time-barred. See Sonnier, 161 F.3d at 943-44. Accordingly, Sims's motion for a COA is GRANTED. The case is VACATED and REMANDED to the district court for it to determine whether Sims

§ 2254 petition was timely in the light of <u>Smith</u>.  See <u>Sonnier</u>, 161 F.3d at 945-46.

COA GRANTED; VACATED AND REMANDED.