IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40869
Summary Calendar
_____

GUSTAVO ALMAGUER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 98-CV-2
--------------------
August 10, 2000

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gustavo Almaguer, Texas state prisoner # 673522, argues that the district court erred in dismissing his 28 U.S.C. § 2254 habeas corpus petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Almaguer argues that the district court relied on the prison mail log, which contained inaccurate information, in dismissing his petition. Almaguer also argues that the limitations period was equitably tolled for various reasons.

The district court did not grant a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability (COA) on the equitable-tolling issue, and Almaguer has not filed a motion for COA with this court seeking review of that issue. Therefore, the equitable-tolling issue is not within the scope of the court's review. See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997); United States v. Kimler, 150 F.3d 429, 430 (5th Cir. 1998).

A prisoner's habeas petition is deemed filed when delivered to prison authorities for mailing to the district court. Sonnier v. Johnson, 161 F.3d 941, 945 n.2 (5th Cir. 1998). The district court appears to have granted the respondent's motion to dismiss based on a misconception that the date that a prisoner's petition is "mailed" from the prison to the district court determines the filing date for limitations purposes.

It is not clear from the prison mail log whether Almaguer delivered the petition to prison authorities on December 31 or if the petition was mailed by the prison on that date. If Almaguer delivered the petition to prison officials on or before December 24, 1997, the petition was filed timely.

The district court's judgment is VACATED, and the case is REMANDED to the district court to determine the date that Almaguer delivered the petition to prison officials for mailing.

Almaguer's motion requesting consideration of equitable-tolling issues, which was filed approximately eight months after his initial brief, is DENIED.

VACATED AND REMANDED.