IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10942
Summary Calendar

_____

RALPH EDWARD JONES,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:97-CV-270
--------------------
September 18, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Ralph Edward Jones, Texas prisoner # 768901, appeals the district court's denial of his petition for habeas relief under 28 U.S.C. § 2254. The court addressed one issue on the merits and dismissed the rest as barred by the one-year limitations period of 28 U.S.C. § 2244(d)(1), or alternatively as barred by the procedural-default doctrine. This court granted a certificate of appealability (COA) on the issues whether the district court properly applied the limitations period and the procedural-default

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

doctrine and whether the district court properly analyzed the merits of Jones's jail-time credit claim.

A review of the record and the applicable law reveals that Jones's federal habeas petition was timely filed. It was filed within two days of the end of the one-year grace period. See Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Houston v. Lack, 487 U.S. 266, 276 (1988). Moreover, Jones's second state habeas application, which was pending when Jones filed his federal petition, would serve to toll the limitations period even if dismissed by the state courts as successive. See Villegas v. Johnson, 184 F.3d 467, 469-73 (5th Cir. 1999). Jones's petition therefore is not barred from review by the statute of limitations.

The district court also relied on a belief that the state court dismissed Jones's second habeas petition for abuse of the writ, which would result in a refusal by this court to address the merits of these claims under the procedural-default doctrine. However, the language of the order by the Texas Court of Criminal Appeals states that Jones's application was denied, rather than dismissed. This language implies that the court considered the merits of Jones's claims. See Ex Parte Torres, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997)(en banc); Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999). Therefore, the claims raised by Jones in his petition are not barred from review by the procedural default doctrine. The district court's opinion is VACATED to the extent it relies on the one-year limitations period and on procedural default, and the case is REMANDED for review of the merits of Jones's claims.

However, the district court correctly found that Jones's jail-credit claim did not state a violation of federal constitutional law. There is no federal constitutional right to credit for time served before sentence is imposed unless a prisoner's indigence prevents him from making bond and he receives a maximum possible sentence for his crime. Jackson v. Alabama, 530 F.2d 1231, 1236 (5th Cir. 1976). As the district court properly found, Jones was not serving the maximum sentence for his offense. See TEX. PENAL CODE ANN. §§ 19.04(d), 12.33 (West 1974). Jones asserts on appeal that he is entitled to credit for time served because he suffered from violations of the Equal Protection clause and of Brady. Because the court did not grant COA on these issues, they are not properly before the court. Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997). The district court's denial of relief on the jail-credit claim is AFFIRMED.

**AFFIRM IN PART, VACATE AND REMAND IN PART.**