United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 03-50797
Summary Calendar

———————

RICHARD WILLIAM PAYNE,

                                        Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

———————

Appeal from the United States District Court
for the Western District of Texas
No. SA-03-CV-289

———————

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Richard William Payne, a Texas prisoner (# 620984), has filed in this court a certificate of appealability ("COA") to appeal the district court's order denying his habeas corpus petition, purportedly filed under 28 U.S.C. § 2254. He also seeks to proceed in forma pauperis ("IFP") on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his petition, Payne alleged that his constitutional rights had been violated in connection with a prison disciplinary proceeding which had resulted in 30 days of commissary and recreation restrictions being imposed upon Payne. Payne did not attack his underlying criminal conviction and he did not seek either to be released from confinement or an order that the duration of his prison sentence be shortened. He apparently sought only an order overturning the disciplinary conviction. Because a favorable determination of Payne's claims would not automatically entitle him to accelerated release, the appropriate vehicle for his claims was a civil rights action under 42 U.S.C. § 1983. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997). Accordingly, Payne does not need a COA to proceed with this appeal, and his application for a COA is DENIED as unnecessary.

Although Payne filed this action as a 28 U.S.C. § 2254 petition and the district court did not explicitly construe it otherwise, the district court denied Payne leave to proceed IFP on appeal on the ground that his appeal was not taken in good faith, apparently pursuant to provisions of the Prison Litigation Reform Act ("PLRA"). The PLRA does not apply to habeas actions. See Sonnier v. Johnson, 161 F.3d 941, 943 (5th Cir. 1998). Nonetheless, as discussed above, Payne's action is in the nature of a civil rights action and should be treated as such. A district court may certify under 28 U.S.C. § 1915(a)(3) and FED. R. APP.

2

P. 24(a) that an appeal is not taken in good faith and deny IFP accordingly, which requires the litigant either to pay the appellate filing fee or to challenge the district court's certification decision. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

A review of Payne's substantive claims reveals that his appeal, if construed as a civil rights action, is without arguable merit and frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). The penalties imposed upon Payne following his disciplinary conviction — commissary and recreation restrictions — do not implicate a liberty interest under the Due Process Clause. See Sandin v. Conner, 515 U.S. 472. 484 (1995); Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000).

Because the appeal is frivolous, we DENY Payne's motion to proceed IFP and DISMISS his appeal as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Payne already has one strike based on the dismissal of a prior civil rights complaint as frivolous and for failure to state a claim, and this court's dismissal of Payne's appeal thereof for lack of jurisdiction. See Payne v. Johnson, No. C-01-CV-193 (S.D. Tex. May 13, 2002); Payne v. Johnson, No. 02-40910 (5th Cir. Jan. 9, 2003). Payne is cautioned that if he accumulates three strikes, he will not be permitted to proceed

IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Payne has filed a motion to "dismiss" or vacate the district court's order assessing an initial partial filing fee. The motion is not well-taken, see Morgan v. Haro, 112 F.3d 788, 789 (5th Cir. 1997) (district court is to assess PLRA filing fees in the first instance), and is DENIED.

COA DENIED AS UNNECESSARY; IFP DENIED; MOTION TO "DISMISS" FILING-FEE ORDER DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES BAR WARNING ISSUED.