# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2011

No. 10-10186

Lyle W. Cayce
Clerk

CHARLTON WATSON,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-1125

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Charlton Watson, Texas prisoner #1360807, filed a federal habeas application that the district court dismissed as untimely. Watson made a general request that the district court issue a certificate of appealability (COA), which the district court denied. Watson did not raise a statutory tolling claim in the district court—either in response to the magistrate judge's recommendation to dismiss his habeas application as untimely, or in his request

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10186

for a COA. Thereafter, however, he sought a COA from this court based on such a claim. We granted that COA, and the statutory tolling claim is now before us.

The government has questioned whether we have appellate jurisdiction to rule on Watson's statutory tolling claim. We have previously held in dismissing a request for a COA that, when a defendant raises a claim "for the first time in his COA application filed in this court, . . . this court has no authority to grant a COA for the claim."[1] We have based that conclusion on our consistent refusal to consider a habeas claim before the district court has addressed it:

> In general, before we may consider a petitioner's application for a COA on a particular issue, that petitioner must first submit his request to the district court and have that request denied. *See, e.g.*, *Sonnier v. Johnson*, 161 F.3d 941, 946 (5th Cir. 1998) ("Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional, and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal."). Without a ruling on whether a petitioner is entitled to a COA that covers a specific issue, we would dismiss without prejudice.[2]

Accordingly, we did not have jurisdiction to issue a COA to Watson on his statutory tolling claim. We therefore vacate our earlier COA and DISMISS Watson's instant appeal, without prejudice, for lack of appellate jurisdiction.

---

[1] *Johnson v. Quarterman*, 483 F.3d 278, 288 (5th Cir. 2007) (citing *Goodwin v. Johnson*, 224 F.3d 450, 459 & n.6 (5th Cir. 2000)).

[2] *Goodwin*, 224 F.3d at 459 & n.6.